IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
Plaintiff,

v.

CRIMINAL NO. 17-94 (JAG)

**CHRISTIAN JOEL NEGRON-MARTINEZ,**
Defendant.

## PLEA AND FORFEITURE AGREEMENT
(Pursuant to Fed. R. Crim. P. 11(c)(1)(C))

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through the undersigned attorneys, along with defendant Christian Joel Negron-Martinez and his counsel, Joannie Plaza-Martínez, and, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), state to this Honorable Court that they have reached a Plea Agreement, the terms and conditions of which are as follows:

**1.  COUNT TO WHICH DEFENDANT PLEADS GUILTY**

**Count Two:**

On or about February 13, 2017, in the District of Puerto Rico and within the jurisdiction of this Court,

CHRISTIAN JOEL NEGRON-MARTINEZ,

who was then under indictment for a crime punishable by imprisonment for a term exceeding one year, to wit: Articles 177 and 199 of the Penal Code of Puerto Rico and Article 5.05 of the Weapons Law of Puerto Rico, did willfully receive firearms and ammunitions that had been

1

shipped or transported in interstate or foreign commerce, that is an AK-47 rifle cal. 7.62 x 39; one Kel Tec Sub 2000 rifle (S/N: EXL08); one Smith & Wesson pistol (model C69, S/N: BDH5442); one Glock pistol (model 26, 9 mm, S/N: NFU012); eighteen rounds of .223 caliber ammunition; and eleven rounds of 9mm caliber ammunition, in violation of Title 18, United States Code, Sections 922(n) and 924(a)(1)(D).

## 2. MAXIMUM PENALTIES

The maximum statutory penalty for the offense charged in Count Two of the Indictment is a term of imprisonment of five years pursuant to Title 18, United States Code, § 924(a)(1)(D); a fine not to exceed two hundred and fifty thousand dollars pursuant to Title 18, United States Code, §3571(b)(3); and a supervised release term of not more than three years, pursuant to Title 18, United States Code, § 3583(b)(2).

## 3. SENTENCING GUIDELINES APPLICABILITY

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§3551-86 and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

4.  **SPECIAL MONETARY ASSESSMENT**

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. §3013(a)(2)(A).

5.  **FINES AND RESTITUTION**

Defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines and restitution.

6.  **RULE 11(c)(1)(C) WARNINGS**



The defendant is aware that acceptance of this Plea and Forfeiture Agreement is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the Guidelines Policy Statements, Application, and Background Notes. Further, the defendant understands and acknowledges that the Court is not a party to this Plea and Forfeiture Agreement and thus, is not bound by this agreement, its sentencing calculations, or recommendations. The defendant is aware that the Court may accept or reject the Plea and Forfeiture Agreement, or may defer its decision whether to accept or reject the Plea and Forfeiture Agreement until it has considered the pre-sentence investigation report. See Fed. R. Crim. P. 11(c)(3)(A). If the court accepts the plea agreement, it will inform the defendant that the plea agreement is of the type specified by Rule 11(c)(1)(C) and the agreed disposition in the judgment. See Fed. R. Crim. P. 11(c)(4). If the court rejects the plea agreement, the defendant will be informed that the court is not required to follow the plea agreement, will be given an opportunity to withdraw the plea, and

will be advised that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated. See Fed. R. Crim. P. 11(c)(5)(A)-(C). In addition, the parties agree that the United States reserves its right to withdraw from its obligations under this agreement if the Court rejects the plea agreement.

7. **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

Defendant is aware that pursuant to the decision issued by the Supreme Court of the United States in the case of United States v. Booker, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit the following advisory Guideline calculations:

**COUNT TWO:**

| Sentencing Guidelines Calculations Table Count One 18 U.S.C. 922(n) | | |
|---|---|---|
| Base Offense Level | U.S.S.G. § 2K2.1(a)(4)(B) (offense involved firearm capable of accepting large-capacity magazine and prohibited person | 20 |
| Adjustment | U.S.S.G. § 2K2.1(b)(1) (offense involved 3-7 firearms) | +2 |
| Adjustment | U.S.S.G. § 3E1.1(a) (acceptance of responsibility) | -3 |
| Total Offense Level (Count One): | | 19 |

| C.H. Category I | C.H. Category II | C.H. Category III | C.H. Category IV | C.H. Category V | C.H. Category VI |
|---|---|---|---|---|---|
| 30-37 months | 33-41 months | 37-46 months | 46-57 months | 57-71 months | 63-78 months |

### 8. SENTENCE RECOMMENDATION

After due consideration of the relevant factors enumerated in 18 U.S.C. §3553(a) for Count Two, the parties agree to request a sentence of imprisonment at the bottom of the applicable Guidelines range for a total adjusted offense level of 19 when combined with the defendant's criminal history category as determined by the Court.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea Agreement.

### 9. NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY

The parties do not stipulate as to any Criminal History Category for the defendant.



### 10. WAIVER OF APPEAL

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 30 months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 11. NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variance sentence under 18 U.S.C. § 3553 shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment

or departure will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

12.  **SATISFACTION WITH COUNSEL**

Defendant represents to the Court that he is satisfied with counsel, Joannie Plaza-Martínez, and asserts that counsel has rendered effective legal assistance.

13.  **RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this Plea Agreement he surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal Defendants include the following:

   a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.
   b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

14. **STIPULATION OF FACTS**



The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

15. **FIREARMS FORFEITURE**

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit all of his right, title, and interest in the following property (hereafter, collectively, the "Property"): an AK-47 rifle cal. 7.62 x 39; one Kel Tec Sub 2000 rifle (S/N: EXL08); one Smith & Wesson pistol (model C69, S/N: BDH5442); one Glock pistol (model 26, 9 mm, S/N: NFU012)); eighteen rounds of .223 caliber ammunition; and eleven rounds of 9mm caliber ammunition. Defendant

acknowledges that he possessed the Property in violation of 18 U.S.C. § 922(n), as set forth in Count Two of the Indictment, and that the Property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

**16. LIMITATIONS OF PLEA AGREEMENT**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

**17.　ENTIRETY OF PLEA AGREEMENT**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other term and conditions not stated herein.

**18.　AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all parties.



**19.　VOLUNTARINESS OF GUILTY PLEA**

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

## 20. DISMISSAL OF REMAINING COUNTS

At sentencing, should the Defendant comply with the terms of this Plea and Forfeiture Agreement, the Government will move to dismiss Count One charged in the pending Indictment.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____
**Timothy Henwood**
First Assistant U.S. Attorney
Dated: 6-8-17

_____
**Jenifer Y. Hernandez-Vega**
Assistant U.S. Attorney
Chief, Violent Crimes Unit
Dated: 6|8|2017

_____
**Jonathan Gottfried**
Assistant U.S. Attorney
Dated: 6/15/17

_____
**Joannie Plaza-Martinez**
Counsel for Defendant
Dated: 7|28|17

X Christian J Negron
_____
**Christian Joel Negron-Martinez**
Defendant
Dated: 7/20/17

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. I have ~~read~~ discussed this Plea and Forfeiture Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 7/28/17

X Christian J Negron
**Christian Joel Negron-Martinez**
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea and Forfeiture Agreement with Defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea and Forfeiture Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 7/28/17

**Joannie Plaza-Martinez**
Counsel for Defendant

# STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America and Defendant, Christian Negron-Martinez, agree that the following recitals provide a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for violation of 18 U.S.C. § 922(n). The following is a synopsis of the facts in this case:

In the early morning of February 13, 2017, officers of the Puerto Rico Police Department ("PRPD") executed a search warrant at carretera 174, km 4.5, Barrio Juan Sanchez, in Bayamon. Upon entering the residence, PRPD agents encountered the defendant. Upon searching the residence, PRPD agents seized an AK-47 rifle cal. 7.62 x 39; one Kel Tec Sub 2000 rifle (S/N: EXL08); one Smith & Wesson pistol (model C69, S/N: BDH5442); one Glock pistol (model 26, 9 mm, S/N: NFU012)); eighteen rounds of .223 caliber ammunition; and eleven rounds of 9mm caliber ammunition.



Defendant willfully received these guns and ammunition while under indictment for a crime punishable by imprisonment for a term exceeding one year. After waiving his *Miranda* rights, defendant admitted that the firearms and ammunition belonged to him and that he had purchased them a week prior to his arrest.

Prior to being received by defendant, the firearms and ammunition had been transported in interstate or foreign commerce.

At trial, the United States would have proven beyond a reasonable doubt that defendant is

11

guilty as charged in Count Two of the Indictment. This would have been proven through physical and documentary evidence, including but not limited to live testimony of PRPD and federal agents, the defendant's confession, expert and other witnesses, evidence recovered at the scene (including the firearms and ammunition), photographs, documents, and other physical evidence.

Discovery was timely made available to the defendant for review.

_____
**Jonathan Gottfried**
Assistant United States Attorney
Dated: 6/15/17

_____
**Joannie Plaza-Martinez**
Counsel for Defendant
Dated: 7/28/17

_____
**Christian Joel Negron-Martinez**
Defendant
Dated: 7/28/17